**Joseph David Timothy CRISPO,**
**Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 26784.**

United States Court of Appeals,
Ninth Circuit.

May 25, 1971.

Joseph David Timothy Crispo, pro per.

James L. Browning, Jr., U. S. Atty., F. Steele Langford, Chief, Crim. Div., James H. Daffer, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before DUNIWAY, ELY and HUF-STEDLER, Circuit Judges.

PER CURIAM:

■ Crispo appeals from an order denying his motion under 28 U.S.C. § 2255 to vacate concurrent twenty-year sentences entered pursuant to his plea of guilty to each of three counts of bank robbery. Attaching two supporting affidavits, he alleged that his pleas were the result of a promise made to him by his attorney that he would only be sentenced to fifteen years on a count under which he had already served over four years and that he would only receive concurrent ten-year sentences on the other two counts. Crispo further alleged that the count under which he had served a partial sentence was transferred from the Eastern to the Northern District of California in violation of Rule 20(a), Fed.R.Crim.P., which requires the written consent of the accused for such a transfer. We reverse and re-mand for an evidentiary hearing on both allegations.

Ordered to show cause, the Government responded to Crispo's motion with two affidavits of its own. These contained representations by the U.S. Attorney in charge of Crispo's prosecution and by Crispo's attorney that nothing had ever been promised to Crispo. Apparently in sole reliance upon the affidavits before it, the District Court denied Crispo's motion, finding that no promise had been made and that Rule 20(a) was inapplicable because a new indictment was issued in the Northern District.

■ Section 2255 requires the District Court to hold an evidentiary hearing unless the "files and records of the case conclusively show that the prisoner is entitled to no relief." However, the affidavits on which the District Court placed sole reliance do not constitute the "files and records" contemplated by the statute. Machibroda v. United States, 368 U.S. 487, 494–495, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); Doyle v. United States, 336 F.2d 640, 641 (9th Cir. 1964). Even a transcript of the arraignment and sentencing might not conclusively show that Crispo had not been promised a more lenient sentence. See United States v. Tweedy, 419 F.2d 192, 193 (9th Cir. 1969). Moreover, we cannot find from the record before us any indication that such a transcript was ever prepared.

The Government argues that the Court had discretion to place greater weight on the Government's affidavits than on Crispo's and could properly determine, without further inquiry, that Crispo had not been promised anything in exchange for his pleas. We reject this contention. That portion of *Machibroda, supra,* quoted by the Government to support this proposition (368 U.S. at 495–496, 82 S.Ct. 510) refers merely to the Court's discretion to hold a hearing in the petitioner's absence. The Court has no such discretion to resolve controlling factual disputes solely from conflicting *ex parte* affidavits. See Reed v. United States, 441 F.2d 569 (9th

Cir. 1971); Christy v. United States, 437 F.2d 54 (9th Cir. 1971).

On the transfer issue, the record does not conclusively support the District Court's finding that a new indictment was returned in the Northern District. At best, the record is ambiguous. It is also subject to the interpretation that the indictment, No. 14860 in the Eastern District, was transferred to the Northern District on March 27, 1968 and simply renumbered as the latter Court's No. 42,000. The "new" Northern District indictment employed the same cover sheet as did the "old" Eastern District indictment; the word "Eastern" was simply lined through, the word "Northern" written in, and, on it, a new number was stamped. While docket entries indicate a transfer to have been executed under the provisions of Rule 21(b), Fed.R.Crim.P., not Rule 20(a), the transfer order itself is silent as to the authority upon which it rested.

Reversed and remanded.