**John Anthony TAYLOR, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 88, Docket 73–1800.**

United States Court of Appeals, Second Circuit.

Submitted Nov. 8, 1973.

Decided Nov. 14, 1973.

John Anthony Taylor, pro se.

Raymond J. Dearie, Asst. U. S. Atty. (Robert A. Morse, U. S. Atty., E.D.N.Y., of counsel), for appellee.

Before WATERMAN, FRIENDLY and TIMBERS, Circuit Judges.

PER CURIAM:

On November 13, 1972, John Anthony Taylor, who had been convicted in the District Court for the Eastern District of New York of conspiring to engage in

armed bank robbery in violation of 18 U.S.C. § 371, moved in that court under 28 U.S.C. § 2255 for an order vacating his sentence and setting aside his conviction. The motion was supported by an affidavit of Carol M. Brunner, who had been indicted with him and had testified against him, that an Assistant United States Attorney had offered her "special favors" in exchange for her testimony against Taylor. It was made clear to her, she stated, that the charges against her "would be reduced in consideration of my presenting the most damaging testimony possible against John Taylor." The Assistant responded with an affidavit stating that the Government "did not make any promises or offer any special favors" in exchange for her testimony. Judge Travia, in an opinion, denied the application. When it turned out that Taylor had never received the Assistant's affidavit, the judge reopened the case and two more sharply conflicting affidavits were filed. This time Brunner stated that the prosecutor had promised her that she would not go to jail if she cooperated with the Government and that he had told her to answer in the negative if asked whether any promises had been made to her, as she did. The Assistant denied these charges as well.

On April 16, 1973, the court filed an opinion adhering to its earlier decision. Crediting the Assistant's affidavit and discrediting Brunner's the judge concluded that "the motion papers submitted and the files and records of this court on this case conclusively show that the defendant Taylor is entitled to no relief."

Taylor appealed to this court and filed his *pro se* brief on June 19, 1973. The Government's answering brief was due on July 18, 1973. It filed none and obtained no extension of time. Inquiry from a judge of this court a week before the date scheduled for submission of the appeal developed that the Government, now recognizing that the court had been in error in not conducting an evidentiary hearing, was preparing to move for a remand. This it did on November 2, 1973.

■■ The Government's motion refers to "the position that this Court has taken with respect to the requirement of evidentiary hearing following applications similarly [sic] to that of appellant" and cites as an example a summary order to that effect filed last April. This is disingenuous in the extreme. It is not a novel doctrine peculiar to this court that when a federal prisoner raises an issue which would require a new trial if factually sustained, as the judge conceded to be the case here, see Giglio v. United States, 405 U.S. 150, 154–155, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), and presents a sufficient affidavit in its support, an opposing affidavit by the Government is not part of "the files and records of the case" which can be taken to "conclusively show that the prisoner is entitled to no relief," within 28 U.S.C. § 2255. The principle was established by the Supreme Court as long ago as Walker v. Johnston, 312 U.S. 275, 61 S. Ct. 574, 85 L.Ed. 830 (1941), and Waley v. Johnston, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302 (1942). By this time the rule should be well known to Assistant United States Attorneys, who ought not to lead courts into errors, and to federal trial judges, who ought not to make them. The result of what happened here is that this court has been burdened with an appeal that should never have had to be taken and, more important, that Taylor has been denied an evidentiary hearing he should have had a year ago.

The order denying the petition is reversed, with instructions that the petition be assigned to another judge who shall appoint counsel for Taylor and conduct an evidentiary hearing as soon as feasible. The mandate shall issue forthwith.