Paul Braxton OWENS,
Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 76–4397
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 9, 1977.

Rehearing Denied May 31, 1977.

.* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Paul Braxton Owens, pro se.

John W. Stokes, Jr., U. S. Atty., Robert A. Boas, Asst. U. S. Atty., Atlanta, Ga., for defendant-appellee.

Before COLEMAN, GODBOLD and TJOFLAT, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the district court denying the motion by this federal prisoner to vacate sentence, filed pursuant to 28 U.S.C. § 2255. We affirm.

Appellant, represented by court-appointed counsel, pled guilty to interstate transportation of a forged security, 18 U.S.C. § 2314. He was sentenced to a five year term of imprisonment, to be served consecutive to a sentence he was then serving.

In his § 2255 motion, the appellant alleged that his guilty plea was induced by counsel's representation that the Assistant United States Attorney agreed not to oppose a request for a concurrent sentence and that the judge would not impose a five year term. The district court denied the motion, finding that counsel advised appellant that there could be no guarantee of a fixed sentence.

The record includes the affidavit of counsel that he advised appellant that in his opinion the judge would not impose a harsh sentence, but that he could not guarantee what sentence the judge would impose.

Ordinarily, contested fact issues may not be decided on affidavits alone. *Aulds v. Foster,* 5 Cir. 1973, 484 F.2d 945; *Montgomery v. United States,* 5 Cir. 1972, 469 F.2d 148; *Martin v. United States,* 5 Cir. 1971, 447 F.2d 985, cert. denied, 409 U.S. 1043, 93 S.Ct. 539, 34 L.Ed.2d 494. Where the affidavits are supported by other evidence in the record the court may rely upon them. *James v. Smith,* 5 Cir. 1972, 465 F.2d 379; *Tillis v. United States,* 5 Cir. 1971, 449 F.2d 224. In this case, the affidavit is supported by letters filed by appellant written to him by his attorney and the Assistant United States Attorney. These satisfactorily refute the appellant's allegations. Accordingly, the judgment below is affirmed.

AFFIRMED.