Johnnie **BARTLETT,**
Petitioner-Appellant,

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

No. 77–3427
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

June 13, 1978.

Rehearing Denied Aug. 18, 1978.

Johnnie Bartlett, pro se.

John L. Briggs, U. S. Atty., Douglas J. Titus, Jr., Asst. U. S. Atty., Jacksonville, Fla., for respondent-appellee.

Before GOLDBERG, AINSWORTH, and HILL, Circuit Judges.

PER CURIAM:

More than thirty-five years before this case commenced, petitioner, appellant here, was convicted of murder upon a government reservation. In his 28 U.S.C. § 2255 Motion to Vacate Sentence, filed January 21, 1977, he asserts as grounds, alleged constitutional infirmities occurring between arrest and trial.[1] Nothing which might be classified as newly discovered is alleged, but petitioner proffers his lack of education and knowledge of law to explain the three and a half decades of delay.

The District Court dismissed the motion, citing Rule 9(a), *Rules Governing Section 2255 Proceedings*, which reads:

(a) Delayed Motions. A motion for relief made pursuant to these rules may be dismissed if it appears that the government has been prejudiced in its ability to respond to the motion by delay in its filing unless the movant shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the government occurred.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409.

1. Appellant lists as grounds for relief:
(1) ineffective assistance of counsel in that court-appointed counsel did not investigate the defense, refused to call requested defense witnesses, failed to raise possible defenses, failed to file an appeal although so requested, and did not interview movant until 30 minutes prior to trial;
(2) his trial lasted only 1½ days although it was a capital offense;
(3) double jeopardy violations in having been tried on the same offense by both a civilian and a military court;
(4) defective indictment;
(5) the use of a coerced and involuntary confession at trial.

However, Rule 9 is made applicable to motions under 28 U.S.C. § 2255 filed "on or after February 1, 1977" (Pub.L. 94–426, § 1), some 11 days after this motion was filed.

Absent the safeguards of Rule 9, enacted with cases such as this in view, the applicability of a laches-like defense depends upon decisional law. While it has been held that a § 2255 motion may be dismissed on account of such prejudicial delay, *Raines v. United States*, 423 F.2d 526 (4th Cir. 1970); *Desmond v. United States*, 333 F.2d 378 (1st Cir. 1964); *United States v. Moore*, 166 F.2d 102 (7th Cir. 1948), the rule is otherwise in this circuit. *Powers v. United States*, 446 F.2d 22 (5th Cir. 1971).

The record before us indicates that only skimpy remains of the 1942 proceedings exist in record form. The U.S. Attorney's records and those of the Department of Justice were destroyed in 1964. The pertinent papers from the federal establishment where the crime was committed are now gone. The judge who presided at the trial has passed away; petitioner's counsel, then, is elderly, now, and apprehends that he is still petitioner's counsel whose lips are sealed by attorney-client relationship. The attorney for a co-defendant is dead.

We are required, by *Powers*, to reverse the dismissal of this motion and return the case to the District Court where petitioner is to be accorded an evidentiary hearing. *See Raines v. United States*, 423 F.2d 526 (4th Cir. 1970).

REVERSED and REMANDED.