**Antonio Martinez CORTEZ**

v.

**UNITED STATES of America.**

**Nos. EP–94–CA–187H, EP–91–CR–133H and 94–748R.**

United States District Court,
W.D. Texas,
El Paso Division.

April 4, 1995.

M. Carolyn Fuentes, Asst. Federal Public Defender, San Antonio, TX, for movant.

Margaret Feuille Leachman, Asst. U.S. Atty., El Paso, TX, for respondent.

### ORDER

RUESCH, United States Magistrate Judge.

On this date came on to be considered Movant's Request for an Evidentiary Hearing filed on March 17, 1995 and the Government's Response filed on March 24, 1995. Movant asserts that he is entitled to an evidentiary hearing under 28 U.S.C. § 2255, which mandates that a hearing be held "[u]nless the motion and the files and records of the case conclusively show that [Movant] is entitled to no relief." First, Movant argues that the three Affidavits attached to the Government's Response (Dkt. No. 61) and the Notice of Filing (Dkt. No. 62)[1] are not part of "the files and records of the case;" thus, they cannot be considered in determining whether an evidentiary hearing must be held. Mov's Req., Dkt. No. 66, pp. 5–6. Second, Movant argues that "the files and records" do not support the facts asserted in these three Affidavits. *Id.*, p. 6 n. 5. In support of his second argument, Movant alleges that, despite the consistency of the facts stated in the three Affidavits, the following are disputed facts: whether the Government possessed adequate evidence under *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), at Movant's sentencing hearing and, if so, whether the Government would have produced such evidence had an objection been made. Mov's Req., Dkt, No. 66, pp. 3, 6.

In support of Movant's first argument, he cites the following three cases for the proposition that the Government's Affidavits are not part of "the files and records" in his case: *United States v. Costanzo*, 625 F.2d 465 (3d Cir.1980); *Taylor v. United States*, 487 F.2d 307 (2d Cir.1973); *Crispo v. United States*, 443 F.2d 13 (9th Cir.1971). Mov's Req., Dkt. No. 66, p. 5. All three cases state this proposition regarding affidavits. *Costanzo*, 625 F.2d at 470; *Taylor*, 487 F.2d at 308; *Crispo*, 443 F.2d at 14. However, the last two cases were decided in 1973 and 1971, respectively, before the Rules Governing § 2255 Proceedings became effective on February 1, 1977.[2] *Bartlett v. United States*, 574 F.2d 1268, 1269 (5th Cir.1978); Congress'l Action on Proposed Rules Gov'g §§ 2254 and 2255 Proceedings, Pub.L. No. 94–426, § 1, 90 Stat. 1334 (1976), *reprinted in Federal Civil Judicial Procedure and Rules*, p. 299 (West 1995 Ed.).

Rule 7 provides for "expand[ing the] record" by the parties' submission of "[a]ffidavits," among other things.[3] Rule 7(b), Rules Gov'g § 2255 Proceedings. And Rule 7(b) explicitly states that "[a]ffidavits may be . . . considered as a part of the record." *Id.* The Advisory Committee Note to this Rule 7 refers the reader to the Advisory Committee Note to Rule 7 of the Rules Governing § 2254 Proceedings.[4] The latter says that the "purpose" of Rule 7's provisions for expanding the record "is to enable the judge to dispose of some habeas petitions . . . without the time and expense required for an evidentiary hearing." Rule 7, Rules Gov'g § 2254 Proceedings, Advisory Committee Note; *see Blackledge v. Allison*, 431 U.S. 63, 82 & nn. 24 & 25, 97 S.Ct. 1621, 1633 & nn. 24 & 25, 52

---

1. These Affidavits were signed by Movant's trial counsel, Joseph A. Calamia, the prosecuting attorney, Assistant United States Attorney ("AUSA") David Nichols, and the Probation Officer, Jerardo Navarro. Govt's Resp., Dkt. No. 61, Ex. A; Notice of Fil'g, Dkt. No. 62, Exs. B & C.

2. Although *United States v. Costanzo*, 625 F.2d 465 (3d Cir.1980), was decided in 1980, after the effective date of the Rules Governing § 2255 Proceedings, the *Costanzo* Court did not even mention the existence of these Rules. *Costanzo*, 625 F.2d at 468–470. Instead, in support of the Court's assertion of the proposition stated in the text, the Court cited two cases which predate the

Rules, one decided in 1962 and one decided in 1941. *Costanzo*, 625 F.2d at 470. As discussed in the text, *infra*, Rule 7 clarifies the meaning of "the files and records" phrase in § 2255 to include affidavits.

3. Movant never even mentioned the Rules in his Request for Hearing. Mov's Req., Dkt. No. 66, pp. 1–7.

4. Rule 7 for both types of proceedings are identical except that the § 2255 version uses the word "motion" where the § 2254 version uses the word "petition."

L.Ed.2d 136 (1977).[5] Thus, the Government's three Affidavits are part of "the files and records" in Movant's case; and the Affidavits will be considered in determining whether "the motion and the files and records ... conclusively show that [Movant] is entitled to no relief." 28 U.S.C. § 2255.

Contrary to Movant's second argument, the Government's three Affidavits are fully supported by the "files and records" in Movant's case. *See Owens v. United States,* 551 F.2d 1053, 1054 (5th Cir.1977). As stated above, Movant asserts that there are two disputed facts. The first is whether the Government possessed *Taylor* evidence at Movant's sentencing hearing. All three Affidavits answer this question "yes;" and this answer is supported by other items in the record. First, during Movant's bench trial AUSA Nichols made a statement indicating that he had such evidence; specifically, he asked Chief Judge Hudspeth if he should offer proof of the two prior felony convictions alleged in the enhancement paragraph of the Indictment. Tr., Dkt. No. 45, pp. 28–29. Movant's 1971 burglary conviction was one of these two prior felony convictions alleged in the enhancement paragraph. Sup.Indict., Dkt. No. 13, p. 2. More important is the fact that the Fifth Circuit on Movant's direct appeal said, "[w]e *find from the record* that the type of *Taylor* evidence regarding the 1971 burglary conviction *did exist.*" *United States v. Martinez–Cortez,* 988 F.2d 1408, 1416 (5th Cir.1993) (emphasis added). The Fifth Circuit's opinion is part of "the files and records" in Movant's case because a copy of the opinion is in the district clerk's file (Dkt. No. 46) and another copy is attached to Movant's Brief (Dkt. No. 58, pp. 1–2 n. 1 & App. A). *See Owens,* 551 F.2d at 1054 (letters filed by the movant are "in the record").

But, if the Fifth Circuit's opinion is not part of "the files and records," it is, as Movant asserts, the law of the case. Mov's Req., Dkt. No. 66, p. 3 n. 2; *North Miss. Comm., Inc. v. Jones,* 951 F.2d 652, 656 (5th Cir. 1992). In making the above quoted finding, the Fifth Circuit relied on the record, which is what this court is required to do under § 2255, and found that *Taylor* evidence existed. This finding is the law of the case and, thus, ends the inquiry into whether the Government possessed *Taylor* evidence at Movant's sentencing hearing. *North Miss. Comm.,* 951 F.2d at 656.

Movant's second allegedly disputed fact is whether, if the Government had *Taylor* evidence, such evidence would have been produced in response to an objection. The Affidavits of AUSA Nichols and Probation Officer Navarro answer this question "yes;" and their answer is supported by the Fifth Circuit's opinion on Movant's direct appeal. In that opinion, the Court "speculate[d] ... that had ... an objection been made it would have prompted the government to ... introduce evidence sufficient to meet either or both of *Taylor*'s alternative proof requirements." *United States v. Martinez–Cortez,* 988 F.2d 1408, 1417 (5th Cir.1993). In conclusion, the files and records of Movant's case show that the Government possessed, and would have produced, *Taylor* evidence at Movant's sentencing hearing if an objection had been made.

Movant's attorney, Assistant Federal Public Defender Carolyn Fuentes ("Ms. Fuentes"), relies on one thing to argue that this conclusion cannot be drawn. Specifically, Ms. Fuentes relies on her misstatement of what the Government said in its Response to the wording of Movant's claim in his § 2255

---

5. Movant also quotes the following language from *Brown v. United States,* 462 F.2d 681, 684 (5th Cir.1972): "the statute does not 'approve trying the issues by affidavits, opposed or unopposed.'" Mov's Req., Dkt. No. 66, p. 5. This statement of law is correct in that the statute, itself, does not mention affidavits. However, this statement is no longer applicable because it was made in 1972, before the effective date of Rule 7, which allows the submission of affidavits and provides for their inclusion in the record. Finally, Movant quotes *United States v. Briggs,* 939 F.2d 222, 228 (5th Cir.1991), for the proposition that, "where the petitioner's allegations 'are not negated by the record, the district court must hold an evidentiary hearing.'" Mov's Req., Dkt. No. 66, p. 5. Although *Briggs* was decided in 1991, after the effective date of the Rules, the *Briggs* Court did not mention the Rules. *Briggs,* 939 F.2d at 223, 224, 227–229. Thus, applying the quoted statement from *Briggs* to Movant's case, this court finds that Movant's "allegations ... are ... negated by the record," as discussed in the text, *supra* and *infra;* therefore, an evidentiary hearing is not required. *Briggs,* 939 F.2d at 228.

Motion. Mov's Req., Dkt. No. 66, pp. 3–4, 6 & n. 5, 6–7. In that Response, the Government said the following: "Had [Movant's] attorney objected to the inadequacy of the Government's proof of prior convictions, the Government was prepared to introduce evidence sufficient to meet the [sic] *Taylor's* proof requirements. As evidenced by Exhibits A, B and C, [Movant] was indeed a convicted felon." Govt's Resp., Dkt. No. 51, p. 5. Ms. Fuentes misstates what the Government said by putting some of the words in these two sentences together. Specifically, Ms. Fuentes claims that the Government said that the Government "was prepared to offer *Taylor* proof, '[a]s evidenced by Exhibits A, B and C.'" Mov's Req., Dkt. No. 66, p. 4, *see also* p. 6 n. 5. Thus, she argues that, since Exhibits A, B, and C are not *Taylor* evidence, the Government's submission of *Taylor* evidence with its Response to Movant's Brief (Dkt. No. 61) is inconsistent with what the Government said in its Response to Movant's § 2255 Motion (Dkt. No. 51), quoted above.

The issue of what the Government said in the two sentences quoted above was resolved in this court's Order filed on March 10, 1995 (Dkt. No. 65). Specifically, this court said that Movant's claim in his § 2255 Motion was that his attorney failed to object to the sufficiency of the evidence regarding all three of his prior convictions. Order, Dkt. No. 65, p. 2 nn. 2 & 3, p. 5. The Government responded by offering Exhibits A, B, and C as proof that Movant "was indeed a convicted felon." Govt's Resp., Dkt. No. 51, p. 5; Order, Dkt. No. 65, p. 2 nn. 2 & 3, p. 5. After Ms. Fuentes filed a Brief in Support of Movant's § 2255 Motion (Dkt. No. 58), it became clear, for the first time, that Movant was claiming that his attorney failed to object to the sufficiency of the evidence only with regard to his 1971 burglary conviction. Order, Dkt. No. 65, p. 3 n. 4, p. 5. The Government's Response to Movant's Brief answered that claim in Movant's Brief. Govt's Resp., Dkt. No. 61; Order, Dkt. No. 65, p. 5. Therefore, as indicated in the prior Order (Dkt. No. 65), the two Government Responses are not inconsistent.

■ Finally, Movant has not even suggested that he knows of any witnesses having firsthand knowledge, *Blackledge v. Allison,*

431 U.S. 63, 82 n. 25, 97 S.Ct. 1621, 1633 n. 25, 52 L.Ed.2d 136 (1977), or other evidence that would contradict the information in the Government's three Affidavits. Mov's Req., Dkt. No. 66, pp. 1–7. Instead, Movant "expects" that "it will be necessary to subpoena" one or more of the three affiants, as well as their files for an evidentiary hearing. *Id.,* p. 7. The facts of Movant's case are much like the facts in *Owens v. United States,* 551 F.2d 1053, 1054 (5th Cir.1977), where there were only "alleg[ations]" on the movant's side of the story and where there was an affidavit supported by the file and records on the other side of the story. Based on these facts, the Court held that an evidentiary hearing was not required. *Id.* Similarly, in Movant's case, on Movant's side, there are Movant's *allegations* that the Government did not have *Taylor* evidence and, even if it did, such evidence would not have been presented. On the other side, there are three Affidavits in the record which are supported by other items in the record, as discussed above.

This court finds that "the files and records" in Movant's case "conclusively show that [Movant] is entitled to no relief." 28 U.S.C. § 2255; *see* Report and Recommendation filed on this date.

It is therefore ORDERED that Movant's request for an evidentiary hearing shall be, and it is hereby, DENIED.