UNITED STATES of America, Plaintiff,

v.

Elizabeth JACOBS, Defendant.

No. CR–95–443.

United States District Court,
E.D. New York.

Aug. 29, 1995.

Y. Hui Chen, Assistant U.S. Attorney, Brooklyn, New York, for plaintiff.

Emily R. Daniel, New York City, for defendant.

*MEMORANDUM AND ORDER*

GLASSER, District Judge:

The defendant moves this court for an order directing the government to "specifically perform its obligation under a cooperation agreement entered into with the defendant by drafting a § 5K1.1 letter." The defendant pleaded guilty with the reservation of the right to pursue that motion after her plea and prior to being sentenced.

Immediately after her arrest on April 19, 1995, the defendant alleges that she was detained and interrogated without having been advised of her *Miranda* rights. It should be noted at the outset that having pleaded guilty she waived such rights as she may have asserted in that regard. She then alleges that she was told that if she cooperated with federal agents she would not be detained. Relying upon that representation she states that she made a consensually monitored telephone call and attempted two unsuccessful controlled deliveries at the airport. On May 8, 1995, the defendant's present counsel was substituted and attended a prof-

fer session held that day. It is significant to note that prior to the commencement of that session, the defendant, her attorney, the Assistant United States Attorney, and two Special Agents of the United States Customs Service signed a "Proffer Agreement" the last paragraph of which provides as follows:

> (3) It is further understood that this agreement is limited to the statements made by Client (the defendant) at the meeting and does not apply to any oral, written or recorded statements made by Client at any other time. *No understandings, promises, or agreements have been entered into with respect to the meeting other than those set forth in this agreement, and none will be entered into unless memorialized in writing and signed by all parties.* (Emphasis added).

No written cooperation agreement was entered into at the conclusion of that proffer session because, the Assistant United States Attorney affirms, it was believed that the defendant was not truthful. (Aff. ¶ 3).

By letter dated May 12, 1995, a plea offer was communicated to defendant's counsel with a proposed plea agreement attached, neither of which contained any reference to cooperation nor to any agreement by the government to move pursuant to U.S.S.G. § 5K1.1. The defendant was indicted on May 17, 1995 charged with unlawfully importing narcotics into the United States and possessing with intent to distribute them, in violation of 21 U.S.C. §§ 952(a) and 841(a)(1).

On May 18, 1995 a second proffer session was arranged at which a "Proffer Agreement," containing the same disclaimer set out above was signed by all the parties. A written cooperation agreement was not entered into at the conclusion of that session or at any time thereafter, nor were any further proffer sessions desired to be conducted by the government. No warrant was ever issued, no arrest ever made, nor any indictment ever returned against any other person as a result of the information provided by the defendant. (Aff. ¶ 15).

■ The defendant's assertion that she did not have an attorney present when she made the consensually monitored telephone call and attempted two unsuccessful controlled deliveries as a circumstance that infected those events is presumably premised upon the belief that she had the right to the presence of counsel at that stage. That premise is wrong. It has long been recognized that the right to counsel attaches at the initiation of adversarial judicial proceedings whether by way of formal charge, preliminary hearing, indictment, information or arraignment. *Kirby v. Illinois,* 406 U.S. 682, 689, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411 (1972). No such proceeding had been instituted at the time in question.

■ At the outset, the defendant's claim that she was the beneficiary of a promise that a motion would be made on her behalf pursuant to U.S.S.G. § 5K1.1 flies in the face of two proffer agreements which she and her attorney signed clearly acknowledging an understanding that no promises or agreements were made or entered into and none would be entered into unless such agreements were in writing and signed by all the parties. It is not disputed that no written agreement was ever drafted let alone entered into. That should suffice to deny the motion.

The defendant's principal reliance is upon *United States v. Leonard,* 50 F.3d 1152 (2d Cir.1995) but that reliance is misplaced. The inapplicability of *Leonard* to this case become abundantly clear upon a brief statement of the facts in that case. Leonard provided cooperation to the government for approximately two months during which he taped conversations which led to the arrest of three other drug traffickers. A written proposed plea agreement was sent to Leonard which essentially restated the provision of U.S.S.G. § 5K1.1. The agreement was signed by Leonard and his attorney and returned to the government for signature. The government thereafter refused to execute the proposed agreement for the reason that it was believed that Leonard was not being truthful at a subsequent proffer session at which his cooperation with the government was discussed. The court decided that an evidentiary hearing should be held to determine whether the government acted in good faith. In this case, as has been stated above, there never was a written cooperation

agreement, proposed or otherwise, in which a promise to make a § 5K1.1 motion was made. The information provided by this defendant resulted in no arrests and never approached a period of two months of cooperation with the government.

The decision in *Leonard* can, in any event, provide no comfort to the defendant. The Court there held that "[i]n the absence of a plea agreement, a court may review a prosecutor's decision whether to file a 5K1.1 motion only to determine whether it was based on an unconstitutional motive." 50 F.2d at 1157. *See also United States v. Khan*, 920 F.2d 1100 (2d Cir.1990), *cert. denied*, 499 U.S. 969, 111 S.Ct. 1606, 113 L.Ed.2d 669 (1991) (absent a specific agreement the decision by a prosecutor to refuse to recommend a downward departure is generally not subject to judicial review.). As has already been observed, it is unseemly to assert an agreement to make a § 5K1.1 motion given a solemn understanding embodied in a signed proffer agreement that no promises or agreements have been made which were not memorialized in a writing.

More precisely in point is *United States v. Lockhart*, 58 F.3d 86 (4th Cir.1995), in which the defendant claimed that the government breached a plea agreement by refusing to provide him with an opportunity to provide substantial assistance and possibly benefit from a § 5K1.1 motion. He claimed that the government engaged in a "bait and switch" scheme, inducing him to plead guilty with an illusory promise of a § 5K1.1 motion. In rejecting his claims, the Court relied upon *Wade v. United States*, 504 U.S. 181, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992) which held that absent a binding agreement to make such a motion, the government's failure to make one can be challenged only on the basis of an unconstitutional motive or lack of a rational relationship to a legitimate governmental objective. At the oral argument on this motion, the defendant's lawyer repeatedly denied that the basis of her claim was the government's refusal to file a substantial-assistance motion because of the defendant's race, religion or other unconstitutional motive. In this context, too, *Wade*, at 185–87, 112 S.Ct. at 1844, is instructive:

It follows that a claim that a defendant merely provided substantial assistance did not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive.... Indeed, Wade concedes that a defendant has no right to discovery or an evidentiary hearing unless he makes a "substantial threshold showing."

The defendant here made no such threshold showing and her motion was denied as was her request for an evidentiary hearing. The defendant has no absolute right to cooperate or offer to cooperate and demand that a § 5K1.1 motion be made on her behalf. *United States v. Vargas*, 925 F.2d 1260 (10th Cir.1991). It seems obvious that it must be the prosecutor and not the court who can best assess the value of proffered assistance. *United States v. Rexach*, 896 F.2d 710 (2d Cir.), *cert. denied*, 498 U.S. 969, 111 S.Ct. 433, 112 L.Ed.2d 417 (1990). *See also United States v. Williams*, 53 F.3d 769 (6th Cir.1995); *Sullivan v. United States*, 11 F.3d 573 (6th Cir.1993); *United States v. Underwood*, 61 F.3d 306 (5th Cir.1995); *Gulati v. United States*, 1995 WL 234716 (S.D.N.Y.1995).

It should also be noted that the defendant was expressly invited to move to withdraw her plea and she repeatedly and explicitly stated that she did not wish to do so. In the light of the determination of this motion reflected above, the court need not consider the implication of her refusal for the relief she seeks. *See United States v. King*, 62 F.3d 891 (7th Cir.1995).

For the foregoing reasons, the motion is denied.

SO ORDERED.