IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-20584
USDC No. CA-H-94-1990
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LUIS RODRIGUEZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
---------------------
April 11, 1997

Before HIGGINBOTHAM, WIENER and BENAVIDES, Circuit Judges.

BY THE COURT:

Jose Luis Rodriguez, federal prisoner # 0058242, seeks permission to appeal the district court's decision after remand of his 28 U.S.C. § 2255 motion for further findings of fact and conclusions of law. Rodriguez argues that the district court erred in denying his § 2255 motion without conducting an evidentiary hearing. He maintains that his counsel was ineffective for failing to investigate potential defense witnesses. The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA) amended 28 U.S.C. § 2253 to require that an applicant obtain a certificate of appealability (COA) to appeal a final order in a § 2255

proceeding.  The COA requirement applies to § 2255 motions that were filed prior to the effective date of the AEDPA but were denied after that date.  See United States v. Orozco, 103 F.2d 389, 392 (5th Cir. 1996).  A COA may be issued only if the applicant makes a substantial showing of the denial of a constitutional right.  § 2253(c)(2); Drinkard v. Johnson, 97 F.3d 751, 756 (5th Cir. 1996)(§ 2254 case), cert. denied, 1997 WL 10415 (U.S. March 3, 1997).

Rodriguez has made a substantial showing of the denial of a constitutional right as to whether his counsel was ineffective. The district court erred in finding that the record was sufficient to decide Rodriguez's ineffectiveness claim.  This court has previously stated that the affidavits filed by Rodriguez prevented the court "from concluding that the record conclusively establishes that the petitioner is entitled to no relief."  On remand, the district court based its decision solely on the same affidavits filed with Rodriguez's original motion. The district court's decision is based in part on speculation that the potential witnesses' "credibility would not survive cross examination."  The district court assumed Rodriguez's counsel made a decision not to call these witnesses based on trial strategy.  In section 2255 cases, contested issues of fact may not be decided on the basis of affidavits alone unless the affidavits are supported by other evidence in the record.  United States v. Hughes, 635 F.2d 449, 451 (5th Cir. 1981); Owens v.

<u>United States</u>, 551 F.2d 1053, 1054 (5th Cir. 1977).  The district court at a minimum should have directed the respondent to file a response to Rodriguez's motion and obtained an affidavit from Rodriguez's counsel concerning what actions if any he took to investigate and/or interview these potential witnesses and whether he made a strategic decision not to call these witnesses. If counsel's affidavit had been supported by other evidence in the record, then a full evidentiary hearing may not have been required.  Accordingly, we GRANT COA, vacate the district court's decision, and remand the case for development of the record and further findings of fact on the issue whether Rodriguez's counsel was ineffective for failing to investigate and interview the potential witnesses identified by Rodriguez.