IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 00-20885
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AUGUSTINE ANTHONY VERRENGIA,

Defendant-Appellant.

---

Appeal from the United States District Court
For the Southern District of Texas
USDC Nos. H-97-CV-3247 & H-94-CR-37-1

---

April 18, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

In 1994, Augustine Anthony Verrengia pled guilty to violating the Anti-Kickback Act of 1986.[1] Verrengia neither appealed his conviction nor sought relief under 28 U.S.C. § 2255. Verrengia paid the required fines and restitution and has successfully completed his term of probation.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *See* 41 U.S.C. §§ 53, 54 (2001).

In 1997, Verrengia filed a motion for writ of error coram nobis to set aside his conviction.[2] He alleged various sources of newly discovered evidence and asserted jurisdictional defects in the original proceedings. In addition, he argued that the Anti-Kickback Act was unconstitutional. Verrengia further argued that his guilty plea was involuntary due to ineffective assistance of counsel. Verrengia also contends that he suffered from impaired mental capacity at the time of his plea due to coercive interrogation by government agents. According to Verrengia, his compromised mental state rendered his plea involuntary.

Coram nobis is not a substitute for appeal. The writ should only issue to correct errors that result in a complete miscarriage of justice.[3] The coram nobis petitioner must demonstrate "that he is suffering civil disabilities as a consequence of the criminal conviction and that the challenged error is of sufficient magnitude to justify the extraordinary relief."[4] Courts reviewing an application for a writ of coram nobis presume that the underlying judicial proceedings were correct. The applicant bears the burden of demonstrating otherwise.[5]

---

[2] *See* 28 U.S.C. § 1651(a) (2001).

[3] *See United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998).

[4] *United States v. Drobny*, 955 F.2d 990, 996 (5th Cir. 1992).

[5] *See Dyer*, 136 F.3d at 422.

At the outset, it is doubtful that Verrengia has demonstrated a "civil disability" sufficient to support the issuance of a writ of coram nobis.[6] Nor is it clear from the record that sound reasons exist for Verrengia's failure to seek appropriate earlier relief.[7] Moreover, assuming that Verrengia's guilty plea is voluntary and unconditional, the plea negates the validity of his remaining non-jurisdictional arguments.[8] We must therefore address Verrengia's contention that his plea was involuntary.

A guilty plea does not waive a claim of ineffective assistance of counsel where the inadequacy of counsel's performance renders the plea involuntary.[9] Verrengia must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[10] The district court found that the assistance provided by Verrengia's lawyer, Scott, was constitutionally adequate, falling within the realm of "strategic decisions within the attorney's discretion." Upon review of the record, we can not say that this conclusion was erroneous. We find no error in the court's determination that Verrengia was competent to plead and that he

---

[6] *See id.* at 425, 429-30.

[7] *See id.* at 422.

[8] *See United States v. Wise*, 179 F.3d 184, 186 (5th Cir. 1999).

[9] *See Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).

[10] *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

3

entered into an informed and voluntary guilty plea. The court based its findings on Scott's affidavit and on its previous observations of Verrengia at the rearraignment hearing. Although the district court did not conduct a hearing on the coram nobis motion, the affidavit submissions and the court's observations of the defendant at the time he entered his plea amply justify denial of the requested writ.[11]

Finally, we find Verrengia's jurisdictional arguments to be without merit. They are either conclusory in nature or merely support his contention that no crime was committed. We further note that Verrengia waived his claim that the Anti-Kickback Act is unconstitutional by failing to raise the issue before the district court.[12] We emphasize the extraordinary nature of the writ requested; the decidedly narrow circumstances under which such a writ may issue are not before us today. In light of the preceding, we hereby AFFIRM the district court's denial of Verrengia's coram nobis motion.

AFFIRMED.

---

[11] *See Owens v. United States*, 551 F.2d 1053, 1054 (5th Cir. 1977) (holding that a district court may rely on affidavit and record evidence to support its denial of relief under 28 U.S.C. § 2255).

[12] *See United States v. Samuels*, 59 F.3d 526, 529-30 (5th Cir. 1995).