**UNITED STATES of America,**
**Appellee,**

v.

**Fermin CARDENAS, Defendant–**
**Appellant.**

**No. 06–5601–cr.**

United States Court of Appeals,
Second Circuit.

Dec. 9, 2008.

---

Jeffrey Cohn, New York, NY, for Appellant.

Daniel L. Stein, Assistant United States Attorney, (Celeste L. Koeleveld, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present: RICHARD C. WESLEY, PETER W. HALL, Circuit Judges, and JOHN G. KOELTL, District Judge.*

### SUMMARY ORDER

Defendant–Appellant Fermin Cardenas appeals from a final order issued on October 16, 2006, by the United States District Court for the Southern District of New York (Wood, *C.J.*), denying his motion to compel the Government to move for a reduction of his sentence pursuant to Federal Rule of Criminal Procedure 35(b) and his request for an evidentiary hearing on the motion. Cardenas premised his motion on a claim that, after his sentence was imposed, he entered into a verbal cooperation agreement with the government. Cardenas asserted that he performed under that agreement, but the government did not. Thus, Cardenas argued, the District Court should find the government to have acted in "bad faith" and, as a remedy, order the government to file a motion under Federal Rule of Criminal Procedure 35(b) for a reduction of his sentence. We assume the parties' familiarity with the facts, the procedural context, and the specification of appellate issues.

"The extent of our review of the government's decision not to file a substantial assistance motion depends on whether the defendant acted pursuant to a cooperation

---

* The Honorable John G. Koeltl, United States District Court for the Southern District of New York, sitting by designation.

agreement." [1] *United States v. Roe,* 445 F.3d 202, 207 (2d Cir.2006). Where a cooperation agreement "provides that the government will file a 5K1.1 motion if it determines that the defendant has provided substantial assistance, a court's review of the government's decision not to file a 5K1.1 motion is more searching." *United States v. Leonard,* 50 F.3d 1152, 1157 (2d Cir.1995). In such a case, "we may review [the agreement] ... to see if the government has lived up to its end of the bargain." *Id.* (quotation marks and citation omitted) (alteration in original). "[D]efendants who have no cooperation agreements are entitled to assurance that the government's motion is not withheld for some unconstitutional reason." *United States v. Brechner,* 99 F.3d 96, 99 (2d Cir.1996). "Thus, a defendant would be entitled to relief if a prosecutor refused to file a substantial-assistance motion, say, because of the defendant's race or religion" or for a reason "not rationally related to any legitimate Government end." *Wade v. United States,* 504 U.S. 181, 186, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992). In the absence of such constitutionally impermissible action, we cannot disturb the government's decision because the government has "a power, not a duty, to file a motion when a defendant has substantially assisted." *Id.* at 185, 112 S.Ct. 1840. Cases construing Section 5K1.1 of the United States Sentencing Guidelines are applicable in construing Rule 35 because of the "similarity of language and function" of the two provisions. *United States v. Gangi,* 45 F.3d 28, 31 (2d Cir.1995).

In this case, Cardenas asserts that he had a verbal cooperation agreement with the government and that he is therefore entitled to an evidentiary hearing as to whether the government acted in good faith. A cooperation agreement need not be written in order to entitle a defendant to an evidentiary hearing on good faith. *Cf. Leonard,* 50 F.3d at 1157 (finding the existence of a cooperation agreement based in part on the fact that the defendant "orally agreed ... [to] aid the government in its prosecution of other[s]"). *But see United States v. Truesdale,* 258 F.Supp.2d 296, 298 (S.D.N.Y.2003) ("[W]here no written plea or cooperation agreement existed, the Government's failure to make a § 5K1.1 motion can be challenged only if defendant makes a 'substantial threshold showing' of an 'unconstitutional motive' ... or a lack of a rational relationship to a legitimate government objective."). The "more searching" review for good faith compliance is based upon the principle that " 'when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.' " *Leonard,* 50 F.3d at 1157 (quoting *United States v. Knights,* 968 F.2d 1483, 1486 (2d Cir.1992)) (internal quotation marks and citation omitted). This principle applies with equal force to an oral promise as it does to a written agreement.

In this case, Cardenas submitted an affidavit in which he asserted that Assistant United States Attorney ("AUSA") Daniel M. Gitner and two agents of the Federal Bureau of Investigation, Special Agent Brian O'Rourke and Special Agent Patrick McAllister, made oral promises to the defendant that a Rule 35(b) motion would be filed on his behalf. The government submitted declarations from AUSA Gitner and Special Agent O'Rourke denying that such

---

1. We review a district court's interpretation of a cooperation agreement de novo and examine its related findings of fact for clear error. *United States v. Reeves,* 296 F.3d 113, 115–16 (2d Cir.2002).

promises were made. Special Agent McAllister did not submit a sworn statement. On the basis of this record, further inquiry was warranted to determine whether the alleged oral cooperation agreement existed. *See Taylor v. United States,* 487 F.2d 307, 308 (2d Cir.1973) (remanding for an evidentiary hearing in view of the "sharply conflicting affidavits" filed by the Government and a cooperating witness who asserted that the prosecutor had promised that she would not go to jail if she cooperated against the defendant); *cf. United States v. Aiello,* 814 F.2d 109, 114 (2d Cir.1987) ("The affidavits submitted here disclosed genuine issues of material fact that should have been explored further."). Courts that have denied similar motions without an evidentiary hearing have done so where the assertion of an oral promise was refuted by "overwhelming evidence to the contrary," including subsequent written agreements stating that no other promises had been made. *United States v. Carillo,* No. 95 Cr. 942, 1998 WL 614130, at *3–4 (S.D.N.Y. Sept.14, 1998); *see also United States v. Jacobs,* 914 F.Supp. 41, 42–43 (E.D.N.Y. 1995). Nor are Cardenas' allegations contradicted by statements he previously made under oath. *See Carillo,* 1998 WL 614130, at *3; *see also United States v. Gonzalez,* 970 F.2d 1095, 1101 (2d Cir. 1992) ("No evidentiary hearing was required on the basis of these unsupported allegations, which merely contradicted [the defendant's] earlier statements made under oath at his plea allocution.").

Cardenas made sufficiently specific allegations under oath to raise issues of material fact as to the existence of the alleged oral agreement, and the record was insufficient to deny the motion without further inquiry. *Cf. Machibroda v. United States,* 368 U.S. 487, 494, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962) (remanding for further proceedings where "[t]he factual allegations contained in the petitioner's motion and affidavit, and put in issue by the affidavit filed with the Government's response, related primarily to purported occurrences outside the courtroom"). If after such inquiry the court finds that a cooperation agreement existed, the district court should proceed consistent with our prior decisions. *See, e.g., Knights,* 968 F.2d at 1487.

Accordingly, for the reasons set forth above, we hereby VACATE the judgment of the District Court and REMAND this case for further proceedings in accordance with this order.