Neil Estes SCOTT, Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellee.

No. 77–2829

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 8, 1978.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

Neil Estes Scott, pro se.

John L. Hill, Atty. Gen., Catherine E. Greene, Asst. Atty. Gen., David M. Kendall, Jr., Joe B. Dibrell, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

PER CURIAM:

Neil Estes Scott, a Texas prisoner, appeals from the district court's denial of habeas corpus relief. Because the district court neither required respondent to file an answer nor held an evidentiary hearing, we vacate the judgment below and remand the cause for further proceedings.

Appellant is confined for an aggravated robbery conviction. Represented by counsel appointed on the day he pleaded guilty, appellant was sentenced to life imprisonment. There was no direct appeal, but appellant has exhausted state remedies on the issues presented in his federal habeas corpus petition, although no state evidentiary hearing was held on his claims.

In his petition appellant alleged facts which, if proved, would indicate that he was denied effective assistance of counsel and that his plea was not knowingly, understandingly, and voluntarily made. Rather than calling for a response or holding an evidentiary hearing, the magistrate communicated directly with one of the attorneys who had been appointed to represent appellant. The lawyer contradicted some of appellant's allegations. He was not present in court, however, on the date appellant pleaded guilty and was sentenced. Another attorney was present at that time. Apparently the magistrate did not communicate with the attorney who appeared in court with appellant.

On the basis of his communication with the attorney and a letter sent to him by the state trial judge, the magistrate recommended denial of habeas corpus relief. He reasoned that from what he had learned, appellant "could prove no set of facts that would grant him relief." The district court agreed.

The procedure followed below is not sanctioned by federal habeas corpus law or the new rules. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, effective February 1, 1977, provides that unless it appears from the face of the petition and exhibits that the petitioner is not entitled to relief, the district judge shall order the respondent to file an answer or to take other appropriate action. In this case neither judge nor magistrate called for an answer.

This Court has held that the district court must hold an evidentiary hearing and find the relevant facts where the state court has failed to do so. *Goodwin v. Smith*, 439 F.2d 1180 (5th Cir. 1971). 28 U.S.C.A. § 2246 provides that evidence in habeas corpus cases may be adduced by deposition or by affidavit. *See Harris v. Estelle*, 487 F.2d 56 (5th Cir. 1973). Ordinarily, however, contested fact issues cannot be decided on affidavits alone. *Campbell v. State*, 487 F.2d 1 (8th Cir. 1973); *cf. James v. Smith*, 465 F.2d 379 (5th Cir. 1972) (affidavit corroborated by other evidence). In any event, the issue cannot be resolved by *ex parte* oral communication between the magistrate and the witness.

In the instant case, the main contested fact issues were resolved by personal communication between the magistrate and

one of appellant's former attorneys, who was not even present when appellant pleaded guilty and was sentenced. Under these circumstances, it was incumbent upon the district court to require an answer and to make findings upon an appropriate record. We are constrained to vacate the judgment appealed from and remand the cause for further proceedings consistent with the statutes and rules.

VACATED AND REMANDED.