Vera JACKSON, Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas
Department of Corrections,
Respondent-Appellee.

No. 77–2614
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 31, 1978.

Vera Jackson, pro se.

John L. Hill, Atty. Gen., Anita Ashton, Asst. Atty. Gen., David M. Kendall, First Asst. Atty. Gen., Joe B. Dibrell, Jr., Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before AINSWORTH, MORGAN and GEE, Circuit Judges.

PER CURIAM:

Vera Jackson appeals from the district court's denial of her petition for a writ of habeas corpus. The petition was based on the alleged failure of the trial court and appointed counsel to inform Jackson of her right to appeal from a 1945 Texas state conviction for murder with malice, and counsel's failure to request a change of venue. The district court denied habeas relief without an evidentiary hearing, holding: (1) that the state habeas corpus court's findings of fact and conclusions of law were conclusive in this court pursuant to 28 U.S.C. § 2254, (2) that petitioner received the effective assistance of counsel, and (3) that the petition was delayed and therefore barred by the recently enacted Habeas Corpus Rule 9(a). We vacate and remand for an evidentiary hearing.

█ The district court erred in holding, under the facts and circumstances of this case, that the state court's findings were

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

conclusive as to appellant's federal habeas petition, as the state court did not conduct an evidentiary hearing. A state habeas court's findings on contested fact issues should be accepted only if the latter has conducted a full and fair hearing on the merits, at which the material facts were adequately developed. *See* 28 U.S.C. § 2254(d); *Lane v. Henderson*, 5 Cir., 1973, 480 F.2d 544.

Petitioner must be afforded the opportunity to establish, if she can, that her right to the effective assistance of counsel was violated by court-appointed counsel failing to inform her of the right to appeal the conviction. *See Bailey v. Ault*, 5 Cir., 1974, 490 F.2d 71, 72–73; *Thomas v. Beto*, 5 Cir., 1970, 423 F.2d 642. The district court adopted the Magistrate's findings that petitioner's counsel did advise her of the right to appeal. This finding was based on the Magistrate's personal ex parte communication with the attorney who represented Jackson during the 1945 murder trial. The attorney informed the Magistrate that he had notified Jackson of her right to appeal. However, a district court must hold an evidentiary hearing and determine the relevant facts when the state court has failed to do so. *See Scott v. Estelle*, 5 Cir., 1978, 567 F.2d 632 [1978]. The Magistrate's personal communication with appellant's former counsel hardly constitutes the evidentiary hearing to which Jackson is entitled. *See id.*

The application of Habeas Corpus Rule 9(a) to Jackson's petition was mistaken because the habeas rules do not apply to petitions filed before February 1, 1977. Jackson filed this petition in April 1976. We recognize, of course, the problems of proof attendant to claims regarding events which occurred over 30 years ago. *See Goodwin v. Smith*, 5 Cir., 1971, 439 F.2d 1180, 1183. Nevertheless, "delay alone is no bar to federal habeas relief to correct jurisdictional and constitutional trial errors." *Hamilton v. Watkins*, 5 Cir., 1970, 436 F.2d 1323, 1326. In any event, there has as yet been no actual showing of the difficulty of proof in this case. *Cf. Hudson v. Alabama*, 5 Cir., 1974, 493 F.2d 171, 173 (emphasizing that laches concerns difficulty of proof).

VACATED AND REMANDED.