Paul William JORDAN, Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellee.

No. 78–2968

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

April 30, 1979.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Laurance L. Priddy, Fort Worth, Tex., for petitioner-appellant.

Mark White, Atty. Gen., Barbara M. Barron, John W. Fainter, Jr., Ted L. Hartley, Gilbert J. Pena, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before AINSWORTH, GODBOLD and VANCE, Circuit Judges.

PER CURIAM:

Paul William Jordan was convicted in Texas state court of aggravated robbery and was sentenced to eighty-five years imprisonment. After exhausting state remedies,[1] he petitioned the district court for habeas corpus relief. This request was denied without an evidentiary hearing.

In the habeas petition filed below, Jordan challenged his conviction on the following grounds: ineffectiveness of counsel and denial of due process because of claimed trial irregularities involving an in-court identification of defendant; an impermissible implication that defendant was guilty of other crimes, made in violation of state law; and the presence of an "overly familiar atmosphere" created by an unauthorized conversation between a state eyewitness and a juror during a recess at trial. Without determining the merits of such claim, we remand this case to the district court for an evidentiary hearing on the claimed ineffectiveness of defense counsel. We affirm the lower court's disposition of the remaining issues.

To establish ineffectiveness of counsel, Jordan contends that his attorney argued to the jury that unless his client were given five or six years in prison, the next time he robbed, he might kill and leave no witnesses.[2] The district court denied relief based on the ex parte affidavit of the attorney which stated that he only asked the jury to assess the minimum rather than the maximum punishment allowed by law. The record does not contain the attorney's jury argument during the punishment phase of the trial. Although a habeas petition may be decided on the basis of affida-

---

1. Jordan's conviction was affirmed by the Texas Criminal Court of Appeals. He then filed a writ of habeas corpus in state court, but the trial court did not rule on it. An attempt to have the Texas Supreme Court mandamus the trial court to issue the writ was unsuccessful. Petitioner had no further state remedies.

2. Other instances of ineffective counsel cited were inadequate preparation time; failure to talk to defendant until three days before the trial; failure to conduct pre-trial investigation; failure to subpoena certain witnesses; and failure to file appropriate motions.

vits, *Scott v. Estelle,* 567 F.2d 632 (5th Cir. 1978); 28 U.S.C. § 2246, contested facts ordinarily may not be decided on affidavits alone, *Scott v. Estelle, supra,* unless there is other evidence in the record supporting them. *See Owens v. United States,* 551 F.2d 1053 (5th Cir.), *cert. denied,* 434 U.S. 848, 98 S.Ct. 155, 54 L.Ed.2d 115 (1977). Because these allegations concerning counsel's alleged argument to the jury, if true, warrant habeas corpus relief and because there is nothing in the record to support the attorney's affidavit, it was error to deny habeas relief without an evidentiary hearing.

 Jordan also complains that the in-court identification of him was tainted by an impermissibly suggestive array of photographs shown to the witness before trial. The record of the state court hearing on the admissibility of the identification testimony, however, shows that the in-court identification was made in conformity with the standard enunciated in *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). We presume as correct the state court's finding that the identifications were based solely on eyewitness observations of the defendant made at the time of the robbery and not on a post-factum review of the photographs, 28 U.S.C. § 2254(d), and we have found nothing in the record to disturb that presumption.

 Jordan's claim that an improper conversation took place between an eyewitness and a juror is unsubstantiated in the record. Even assuming that fact to be true, petitioner has not alleged sufficient prejudice to merit habeas corpus relief, especially since Jordan was convincingly identified by a second eyewitness. *See Perry v. Texas,* 456 F.2d 879 (5th Cir.), *cert. denied,* 409 U.S. 916, 93 S.Ct. 248, 34 L.Ed.2d 178 (1972).

 Finally, Jordan charges that the Texas proscription against the state alluding to other crimes evidence in its case-in-chief was violated by the district attorney asking a state witness whether he had seen the defendant at the courthouse in another Texas county. We do not see how this line of questioning would give rise to the inference that other charges had been brought against Jordan, but even if that were the effect, we do not find that the trial was rendered fundamentally unfair by the questioning. *Blankenship v. Estelle,* 545 F.2d 510 (5th Cir. 1977).

AFFIRMED IN PART; AND REMANDED.