United States Court of Appeals,

Fifth Circuit.

No. 95-30869

Summary Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Gino A. SEVERIN, Defendant-Appellant.

March 27, 1996.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before WISDOM, DAVIS and STEWART, Circuit Judges.

PER CURIAM:

In 1993, Gino A. Severin, the defendant/appellant, pleaded guilty to one count of possession with intent to distribute more than one gram of cocaine in violation of 21 U.S.C. § 841(a)(1). The district court then sentenced Severin to 60 months imprisonment and 5 years supervised release. Severin did not directly appeal his plea or his sentence.

The following year, Severin filed a 28 U.S.C. § 2255 motion challenging his guilty plea.[1] In this motion, Severin asserted that his trial counsel, who was a federal public defender, was ineffective because the attorney erroneously advised Severin that the entrapment defense was no longer available against federal charges. Additionally, Severin contended that the district judge

_____

[1]Severin actually raised his first § 2255 challenge in 1993, which was denied and not appealed. The district court declined to dismiss Severin's instant challenge for abuse of writ.

1

erred when he accepted Severin's guilty plea without stating the factual basis for the plea, thereby violating Fed.R.Crim.P. 11(f). The district court denied the motion. On appeal, another panel of this Court agreed with the district court that Severin's Rule 11 claims were frivolous; however, the panel vacated and remanded the case with respect to Severin's ineffective assistance claim because Severin's uncontested allegations "were sufficient to trigger the district court's obligation to develop the case further".[2]

On remand, Severin raised the same ineffective assistance claim and renewed his Rule 11 challenge on a different basis, this time arguing that he was not instructed of the "knowing" requirement of the crime to which he pleaded guilty and that he was not informed of his right to cross-examine witnesses. After first obtaining an affidavit from Severin's trial counsel in which the attorney attests that he and Severin fully discussed the possibility of the entrapment defense but determined that such a defense would be unsuccessful in his case because of his predisposition as revealed in F.B.I. audio and video tapes of his transactions with the government's witness, the district court again denied Severin's motion. Severin now appeals the denial of his motion.

To prevail on his ineffective assistance of counsel claim, Severin must establish that the performance of his trial counsel fell below an objective standard of reasonableness and that the

---

[2]*United States v. Severin,* 53 F.3d 1282 No. 94-30590, at 7 (5th Cir. Apr. 28, 1995) (per curiam).

2

deficient performance prejudiced his defense.[3]  Because Severin

pleaded guilty, he can demonstrate prejudice only by proving that

but for his counsel's errors, there is a reasonable probability

that he would not have pleaded guilty.[4]

The district court's factual findings in a § 2255 proceeding

must be accepted unless clearly erroneous.[5]  In the instant case,

the district court reviewed the conflicting affidavits from

Severin's wife and trial attorney and the attested statements by

the defendant in the presentence investigation report and in his

various motions.  Relying on this evidence, the district court

found that Severin's counsel had properly instructed Severin about

the availability of the entrapment defense.  "A district court

conducting federal habeas review should not ordinarily attempt to

resolve contested issues of fact based on affidavits alone unless

there is other evidence in the record dispositive of the issue or

unless the state court has made the relevant factual findings."[6]

The contested issue in this case is whether Severin's trial counsel

told him that the entrapment defense could not be raised against

federal charges.  The affidavit of Severin's trial counsel states

---

[3]*Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

[4]*Hill v. Lockhart,* 474 U.S. 52, 59-60, 106 S.Ct. 366, 370-71, 88 L.Ed.2d 203;  *see Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068.

[5]*United States v. Gipson,* 985 F.2d 212, 214 (5th Cir.1993).

[6]*Buffalo v. Sunn,* 854 F.2d 1158, 1165 (9th Cir.1988);  *see also United States v. Hughes,* 635 F.2d 449, 451 (5th Cir.1981); *Owens v. United States,* 551 F.2d 1053, 1054 (5th Cir.1977), *cert. denied,* 434 U.S. 848, 98 S.Ct. 155, 54 L.Ed.2d 115 (1977).

3

that he and Severin extensively discussed the entrapment defense while Severin attests, in statements supported by the affidavit of his girlfriend, that he only met briefly with his trial counsel and that he was told that federal law precluded the entrapment defense. Under such circumstances, the evidence presents an issue of credibility that cannot be decided solely from written affidavits.[7] Because Severin's allegations, if true, would entitle him to relief and because the record does not contain other evidence of the truth or falsity of any of the assertions, the district court erred by denying habeas relief on Severin's ineffective assistance claim without holding an evidentiary hearing.[8]

Next, Severin contends that the district court violated its Rule 11 duties by accepting his guilty plea without first informing of the "knowingly" element of the charged crime and of his right to cross-examine witnesses. The district court properly denied both claims as frivolous.

First, 21 U.S.C. § 841(a)(1) punishes "any person who knowingly *or* intentionally ... possess[es] with intent ... to distribute ... a controlled substance".[9] Before accepting Severin's guilty plea, the district judge asked Severin whether he

---

[7]*See Buffalo,* 854 F.2d at 1166.

[8]*Id.; Jordan v. Estelle,* 594 F.2d 144, 145 (5th Cir.1979). We note that the district judge complied with the statement by this Court in Severin's initial appeal, which stated that the court "at least ... [should] obtain[ ] an affidavit from appellant's trial counsel," *Severin,* 53 F.3d 1282 No. 94-30590, at 7; nevertheless, the lack of corroboration of the affidavit by other evidence in the record requires this case to be remanded again.

[9]21 U.S.C.A. § 841(a)(1) (West 1981) (emphasis added).

4

"intentionally possessed with intent to distribute a kilo of cocaine," to which Severin responded affirmatively. The district court, then, did not omit an element of the charged offense.

Second, Rule 11 requires that the district court address only three core concerns:  "(1) whether the guilty plea was coerced; (2) whether the defendant understands the nature of the charges; and (3) whether the defendant understands the consequences of his plea".[10]  In the instant case, the colloquy between the district judge and Severin reveals that Severin agreed that the guilty plea was not coerced and that he understood the rights that he was waiving.  While the district judge did not specifically inform Severin that he was waiving "the right to cross-examine", it is clear that Severin was instructed that he was waiving a trial at which both sides could call witnesses to testify before him;  thus, the district court's slight deviance from the technical requirements of Rule 11 cannot be reasonably viewed as having had a material impact on Severin's voluntary decision to plead guilty.[11]

For the foregoing reasons, we VACATE and REMAND this case solely with respect to Severin's claim of ineffective assistance of counsel.  On all other grounds, the judgment of the district court

---

[10]*United States v. Johnson,* 1 F.3d 296, 300 (5th Cir.1993) (en banc).

[11]*See Johnson,* 1 F.3d at 302;  *United States v. Gomez-Cuevas,* 917 F.2d 1521, 1525 (10th Cir.1990) (holding that the district court's failure to inform the defendant of his right to confront and to cross-examine witnesses was harmless error because the record revealed that his guilty plea was voluntary and that he understood the nature of the charges against him);  *see also* FED.R.CRIM.P. 11(h).

is AFFIRMED.