United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 10, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 04-60618
Summary Calendar

———————————————

JESSIE CLIFTON SMITH,

Petitioner-Appellant,

versus

MISSISSIPPI DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:02-CV-1539-WSU
---------------------

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This court previously granted Jessie Clifton Smith, Mississippi prisoner # 08031, a certificate of appealability on the issues whether the district court abused its discretion by failing to hold an evidentiary hearing to resolve conflicting affidavits concerning Smith's claims that (1) he was deprived of his right to an impartial jury and (2) counsel was ineffective for failing to strike jurors Monzella Tickles, La Shunda Bonds, and Shirley Wells.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Prior to the enactment of the AEDPA, this court held that while a habeas petition may be decided on the basis of affidavit testimony, "contested facts ordinarily may not be decided on affidavits alone unless there is other evidence in the record supporting them." Jordan v. Estelle, 594 F.2d 144, 144-45 (5th Cir. 1979) (internal citations omitted). Jordan held that where there is nothing in the record to support the affidavit testimony, it is error to deny habeas relief without an evidentiary hearing where the petitioner's allegations, if true, would entitle him to habeas relief. See id. at 146. Moreover, a petitioner who presents a facially adequate claim of ineffective assistance of counsel is entitled to some form of evidentiary hearing in order to fully and fairly adjudicate his claims. See Brown v. Johnson, 224 F.3d 461, 466-67 (5th Cir. 2000).

However, this court recognized in McDonald v. Johnson, 139 F.3d 1056, 1060 (5th Cir. 2000), that although a petitioner may not be precluded from obtaining a federal evidentiary hearing to resolve conflicting affidavit testimony, he is not necessarily entitled to one. This court held that if a district court has sufficient facts before it to make an informed decision such that an evidentiary hearing would not further develop material facts relevant to the constitutional claim, a petitioner is not entitled to a hearing. See id.

In the instant case, there is an absence of evidentiary support for either Smith's or counsel's affidavit testimony.

Given the absence of any indication that the district court's credibility determination was supported by evidence in the record either corroborating counsel's affidavit testimony or refuting Smith's, the district court improperly relied on the conflicting affidavit testimony alone to resolve the constitutional issues . See Jordan, 594 F.2d at 144-45.

Based on the foregoing, we VACATE the district court's dismissal and REMAND the case for further findings of fact relevant to (1) whether Smith was deprived of his right to an impartial jury and (2) whether counsel was ineffective for failing to strike jurors Tickles, Bonds, and Wells.

VACATED AND REMANDED.