[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16275
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 29, 2009
THOMAS K. KAHN
CLERK

D. C. Docket Nos. 07-02826-CV-ODE-1,
03-00493-CR-24-ODE-1

RAMON ALVAREZ-SANCHEZ,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 29, 2009)

Before CARNES, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Ramon Alvarez-Sanchez, a federal prisoner proceeding pro se, appeals from the district court's denial of his motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. On appeal, Alvarez-Sanchez argues that the district court erred by denying his motion without holding an evidentiary hearing. He also argues that the district court erred by denying his claims that his guilty plea was unknowing and, thus, invalid because: (1) no one informed him of his right to contact the Mexican Consulate after his arrest, pursuant to Article 36 of the Vienna Convention on Consular Relations ("VCCR"); and (2) his attorney did not inform him that he could be deported after serving his term of imprisonment. For the reasons set forth below, we vacate and remand in part, and dismiss in part.

**I.**

In his § 2255 motion, Alvarez-Sanchez alleged, among other things, that he received ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) because his attorney failed to communicate a plea offer that the government had extended to him in November 2004. He explained that he did not learn of this plea offer until his appellate attorney sent him documents from his case. During Alvarez-Sanchez's review of these documents, he discovered the written November 2004 plea offer. Had he

known of this plea offer, he would have accepted it because it would have permitted him to plead guilty only to Count 1 of the indictment, while the offer he ultimately accepted required him to plead guilty to two of the counts in the indictment. Alvarez-Sanchez submitted a copy of the November 2004 plea offer in support of his § 2255 motion. In his motion, Alvarez-Sanchez also claimed that his guilty plea was unknowing and, therefore, invalid because no one informed him of his rights under Article 36 of the VCCR, or of the fact that he could be deported after completing his term of imprisonment. He requested that the court hold an evidentiary hearing regarding his § 2255 motion. Also in his motion, Alvarez-Sanchez signed a statement in which he swore under penalty of perjury that all of the statements that he made therein were true.

The government responded, asserting that Alvarez-Sanchez's ineffectiveness claim lacked merit because his attorney, Patrick D. Deering, had communicated the November 2004 plea offer to him. The government attached Deering's affidavit to its response. In his affidavit, Deering averred that he had communicated the November 2004 plea offer to Alvarez-Sanchez, but Alvarez-Sanchez had rejected the offer.

The district court denied Alvarez-Sanchez's ineffectiveness claim based solely on Deering's affidavit. The court also denied all of Alvarez-Sanchez's

remaining claims, as well as his request for an evidentiary hearing.

We issued a certificate of appealability ("COA") as to the following issue only: Whether the district court abused its discretion by relying on an affidavit submitted by the government that contradicted Alvarez-Sanchez's allegations?

**II.**

As an initial matter, it is noted that the COA does not specify which of the claims that Alvarez-Sanchez raised in his § 2255 motion was erroneously decided based solely on an affidavit. The district court, however, relied solely on Deering's affidavit only in denying Alvarez-Sanchez's claim that he received ineffective assistance of counsel due to his attorney's failure to communicate a plea offer. The court did not rely solely on Deering's affidavit in denying Alvarez-Sanchez's additional claims. Accordingly, we discuss whether the district court abused its discretion in connection with only Alvarez-Sanchez's claim regarding the plea offer.

Where a petitioner challenges the district court's denial of his request for an evidentiary hearing regarding his habeas petition, we review the district court's ruling for abuse of discretion. See Aron v. United States, 291 F.3d 708, 714-15, n.5 (11th Cir. 2002). Under 28 U.S.C. § 2255:

> Unless the motion and the files and records of the case conclusively
> show that the prisoner is entitled to no relief, the court shall cause

4

> notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b). "[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." Aron, 291 F.3d at 714-15 (quotation omitted). In addition, a court is required to liberally construe a pro se petitioner's claim. Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991). In Aron, we stated:

> The law is clear that, in order to be entitled to an evidentiary hearing, a petitioner need only allege-not prove-reasonably specific, non-conclusory facts that, if true, would entitle him to relief. If the allegations are not affirmatively contradicted by the record and the claims are not patently frivolous, the district court is required to hold an evidentiary hearing. It is in such a hearing that the petitioner must offer proof.

291 F.3d at 715 n.6.

Ordinarily, contested factual issues in a § 2255 proceeding may not be determined based only on affidavits. Owens v. United States, 551 F.2d 1053, 1054 (5th Cir. 1972) (affirming the district court's denial of the petitioner's § 2255 motion and noting that, although a disputed factual issue ordinarily cannot be decided based only on an affidavit, the affidavit that the district court had relied on was corroborated by other record evidence); see also Jordan v. Estelle, 594 F.2d 144, 145-46 (5th Cir. 1979) (holding that the district court erred in denying a

5

§ 2254 petition because it had improperly resolved a disputed factual issue based solely on an affidavit filed by the petitioner's attorney, and there was no record evidence that corroborated the attorney's affidavit); Montgomery v. United States, 469 F.2d 148, 150 (5th Cir. 1972) (holding that "contested fact[ual] issues in § 2255 cases must be decided on the basis of an evidentiary hearing, not affidavits"). A district court is not required to hold a hearing, however, where the petitioner's claims are clearly contradicted by the record or are patently frivolous. Aron, 291 F.3d at 715.

Here, although the government produced Deering's sworn affidavit, in which he averred that he communicated the November 2004 plea offer to Alvarez-Sanchez, Alvarez-Sanchez made a sworn statement that Deering did not communicate this plea offer. The district court, however, relied solely on Deering's affidavit in denying Alvarez-Sanchez's claim that he received ineffective assistance of counsel due to his attorney's failure to communicate a plea offer. The record does not include any documents that corroborate Deering's affidavit, or any documents that affirmatively contradict Alvarez-Sanchez's claim that his attorney did not inform him of the November 2004 plea offer. Moreover, as discussed below, Alvarez-Sanchez's ineffective assistance claim concerning the plea offer is not patently frivolous. Thus, because a district court ordinarily should

not resolve a disputed factual issue in a habeas proceeding based solely on an affidavit, the district court abused its discretion in denying Alvarez-Sanchez's request for an evidentiary hearing as long as he alleged facts that, if true, would have entitled him to relief. Accordingly, it is necessary to consider whether the facts Alvarez-Sanchez alleged in his § 2255 motion would, if true, permit him to prevail on his ineffective assistance claim.

In Strickland v. Washington, the Supreme Court set forth a two-part inquiry for ineffective assistance of counsel claims: "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense." 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A habeas petitioner claiming ineffective assistance of counsel must succeed on both prongs of the Strickland test. Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004).

The Supreme Court has provided the following explanation regarding Strickland's application in the guilty plea context:

> In the context of guilty pleas, the first half of the Strickland [] test is nothing more than a restatement of the standard of attorney competence . . . . [t]he second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective

performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).

We have held that "Counsel has an obligation to consult with his client on important decisions and to keep him informed of important developments in the course of the prosecution." Diaz, 930 F.2d at 834. This obligation includes the duty to inform a defendant of any plea offers. See id. at 834-35; see also Beckham v. Wainwright, 639 F.2d 262, 267 (5th Cir. Unit B Mar. 1981) (holding that, where a defendant pleads guilty or withdraws a guilty plea, his attorney must inform him of all of the available options and possible consequences, and the failure to do so can fall outside the range of competence required by attorneys in criminal cases); Stano v. Dugger, 921 F.2d 1125, 1146 (11th Cir. 1991) (holding that, "[t]he defendant remains the master of his case, particularly with respect to the entry of a guilty plea").

Alvarez-Sanchez's assertion that Deering did not communicate a plea offer to him, if true, would establish that his attorney rendered a constitutionally deficient performance. In addition, if Alvarez-Sanchez's assertion that he would have accepted the November 2004 plea offer is true, he would satisfy Strickland's

8

prejudice prong. Thus, Alvarez-Sanchez alleged facts in his § 2255 motion that, if true, would have entitled him to relief, and the district court abused its discretion by rejecting Alvarez-Sanchez's claim based solely on Deering's affidavit.

Accordingly, we vacate and remand as to this issue so that the district court may conduct an evidentiary hearing. At the hearing, the district court should determine whether Alvarez-Sanchez's attorney communicated the November 2004 plea offer, and whether Alvarez-Sanchez's claim that he would have accepted this offer is credible.

## III.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner must obtain a COA before he can appeal the denial of a § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). We have jurisdiction to review only those issues specified in the COA. Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir.1998); Miller-El v. Cockrell, 537 U.S. 322, 335-36, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) (§ 2254 context).

As noted above, the COA specified only the following issue for review: "Whether the district court abused its discretion by relying on an affidavit submitted by the government that contradicted Alvarez-Sanchez's allegations?" The district court did not rely solely on an affidavit in denying Alvarez-Sanchez's claims

9

regarding Article 36 of the VCCR or his attorney's failure to inform him that he could be deported after completing his sentence. Thus, these claims do not fall within the scope of the COA, and we lack jurisdiction to consider Alvarez-Sanchez's arguments concerning these claims on appeal. Accordingly, we dismiss these arguments.

**Conclusion**

Because Alvarez-Sanchez alleged facts in his § 2255 motion that, if true, would have entitled him to relief, the district court abused its discretion by relying solely on his trial attorney's affidavit to deny his ineffectiveness claim regarding the November 2004 plea offer. Accordingly, we vacate and remand so that the district court may hold an evidentiary hearing as to the issue. We dismiss the remaining arguments that Alvarez-Sanchez raises on appeal because they fall outside the scope of the COA.

**VACATED AND REMANDED IN PART, DISMISSED IN PART.**

10